# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL D. McCAIN,

        Petitioner,    :    Case No. 3:15-cv-252

  - vs -        District Judge Walter Herbert Rice
                Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

                      :

        Respondent.

## DECISION AND ORDER

      This case is before the Court on the initial filing in this case by Michael Dwayne McCain, Sr., who purports to be the "Authorized Representative and Agent" of Michael D. McCain, seeking an order tolling the time for Michael D. McCain to file a petition for writ of habeas corpus.

      The Motion purports to distinguish between "Michael Dwayne McCain, Sr., as authorized representative and agent" and "MICHAEL D. MCAIN In Propria Persona." So far as the Court can tell from the description of the case included in the Memorandum in Support, the Petitioner is known as Michael D. McCain, Sr.. *State v. McCain,* 2014 Ohio 2819, 2014 Ohio App. LEXIS 2768 (2nd Dist. June 27, 2014). There are two Michael D. McCain's with felony records from the Montgomery County Common Pleas Court, the Petitioner, who was born December 2, 1968, and Michael D. McCain, Jr., who was born March 8, 1988. (www.clerk.co.montgomery.oh.us/pro, visited 07/17/2015). Assuming these two Michael

1

McCain's are father and son, if one of them were unable to file for habeas relief on his own, the other could file as "next friend." However, this Court recognizes no other person as authorized to file on behalf of Michael D. McCain unless that person is an attorney and a member of the bar of this Court. The notion that a private individual can split his persona in half (or indeed in more parts) and have one part file on behalf of the other part is rejected. Petitioner is instructed that any further filings in this Court must be in his own name.

Federal district courts do not have the power to toll the statute of limitations on a habeas petition in advance of its filing or to extend the time for filing because the statute of limitations is set by Congress in 28 U.S.C. § 2244(d). See *Bowles v. Russell*, 551 U.S. 205 (2007). If Petitioner has constitutional claims which are possibly about to be barred by the statute of limitations but on which he has unexhausted state court remedies, he may file a habeas petition and then ask this Court to stay consideration pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). But the Court cannot stay a proceeding that has not been filed.

The Motion to Stay is DENIED.

July 16, 2015.

                                                                          s/ *Michael R. Merz*
                                                               United States Magistrate Judge